```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF ALABAMA
             SOUTHERN DIVISION
```

| | |
|---|---|
| HUBURT RIVAS-GRANADOS, | : |
| #33951-379, | : |
| | : |
|     Petitioner, | : |
| | :   CRIMINAL NO. 11-00152-CG-B-2 |
| vs. | :   CIVIL ACTION NO. 15-0474-CG-B |
| | : |
| UNITED STATES OF AMERICA, | : |
| | : |
|     Respondent. | : |

**REPORT AND RECOMMENDATION**

Pending before the Court is Petitioner Huburt Rivas-Granados' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (doc. 573), the Government's response in opposition (doc. 578), and Huburt's reply (doc. 579)[1]. This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration.[2] Having carefully reviewed the record, the undersigned finds that no evidentiary hearing is

---

[1] Also pending before the Court is Rivas-Granados' Motion to Supplement his Reply. (Doc. 609). Upon consideration, the motion is **GRANTED,** and the undersigned has considered said supplement in resolving Rivas-Granados' habeas petition.

[2] The Honorable Senior United States District Judge Callie V.S. Granade presided over the proceedings in this action. The undersigned has reviewed Rivas Granados' petition, the parties' briefs and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings before Judge Granade.

necessary for the disposition of this matter.[3] Upon consideration, the undersigned hereby recommends that Rivas-Granados' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (doc. 573) be **DENIED**, that this action be **DISMISSED**, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Hubert Rivas-Granados. The undersigned also recommends that should Hubert Rivas-Granados file a certificate of appealability, it should be denied as he is not entitled to appeal *in forma pauperis*.

## I.  PROCEDURAL BACKGROUND

Petitioner Huburt Rivas-Granados was charged in a superseding indictment with conspiracy to possess with intention to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846 and 21 U.S.C § 841(a)(1). (Doc. 82). Following trial, the jury returned a guilty verdict on July 26, 2013. At sentencing, Judge Grande found that Rivas-Granados's offense, which included transporting the cocaine and coordinating activities of several coconspirators, involved between 50 and 150 kilograms of cocaine, and imposed a prison term of 324 months. (Docs. 428, 446). Rivas-Granados appealed the calculation of his base offense level. On appeal, the Eleventh

---

[3] A district court is not required to hold an evidentiary hearing for patently frivolous claims, claims which are based upon unsupported generalizations, or claims that are affirmatively contradicted by the record. Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989)

2

Circuit Court of Appeals found that the district court did not err in calculating Rivas-Granados' base offense level as the record plainly supported the attribution of at least 50 kilograms of cocaine to Rivas-Granados. (Doc. 486 at 5). Rivas-Granados' writ of certiorari was denied by the Supreme Court of the United States. (Doc. 493)

Rivas-Granados subsequently filed the instant § 2255 motion on September 24, 2015. (Doc. 573). In the Government's response in opposition filed on November 23, 2015, the Government argued that Rivas-Granados' claims are procedurally defaulted because he did not raise the issues in the instant petition on direct appeal. (Doc. 578). Rivas-Granados replied to the Government's response on December 11, 2015, stating that the appeal "was not in his control or potentially biased" by the appointed attorney, and that the current petition is appropriate "due to the constitutional sentencing issue involved in light of Alleyne". (Doc. 579 (citing United States v. Allyne, 133 S. Ct. 2151 (2013))). On January 27, 2017, Rivas-Granados filed a Motion to Supplement his Reply. In his supplement, he does not dispute that his claims are procedurally defaulted. Instead, he argues that he should be exempt from the procedural default because his counsel was ineffective on appeal. (Doc. 609).

## II. **HABEAS STANDARD**

The limited scope of habeas relief is well established, as

3

this Court has recognized:

> Collateral relief is an extraordinary remedy which "may not do service for a [] [direct] appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); see also Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Frady, 456 U.S. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. United States v. Addonizio, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack . . . A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings. The appellate process does not permit reruns." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979).

United States v. Evans, 2008 U.S. Dist. LEXIS 59836, *8-9 (S.D. Ala. August 4, 2008) (quotation marks in original).

### III. DISCUSSION

Rivas-Granados raises several claims in his habeas petition. First, he claims that the district court erred when it made "a relevant conduct determination beyond the scope of the jury's drug quantity determination" by disregarding the jury's reduction of the amount of cocaine charged. (Doc. 573 at 4). According to Rivas-Granados, this claim is different than the claim he raised on direct appeal, because his earlier claim involved whether there was evidence to support the Court's base

4

offense level calculation. He also argues that the district court erred in "rendering a preponderance of evidence determination that petitioner should be held accountable [for] firearms which he did not know [exist] or foresee should exist." (Id. at 5). Finally, he claims that district court erred "by rendering a preponderance of the evidence determination that petitioner's sentence should be enhanced as a leader". (Id. at 6).

As argued by the Government, these claims are subject to a procedural bar because Rivas-Granados could have raised them in his direct appeal to the Eleventh Circuit. A review of his habeas petition reveals that none of the claims in his petition were raised in his direct appeal. While Rivas-Granados is again taking issue with the amount of cocaine the Court attributed to him, in his habeas petition, he asserts that he is raising a different claim than that raised in his direct appeal, because in this action, he is essentially arguing that the district court erred because it made a drug quantity finding that was beyond the amount determined by the jury. (Doc. 573 at 18).

"[A] collateral challenge may not do service for an appeal." Frady, 456 U.S. at 165 (citations omitted). "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting

5

that claim in a § 2255 proceeding". McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011)(quotation marks and internal citation omitted). This rule is "neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. (citing Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003)). There are two exceptions to the procedural default rule – (1) cause and prejudice and (2) for a miscarriage of justice or actual innocence. McKay, 657 F.3d at 1196 (citations omitted). The petitioner bears the burden of showing that an exception to the procedural default rule applies. Pruitt v. United States, 2014 WL 2993807 at *2 (S.D. Ala. July 3, 2014)(Dubose, J.)(citation omitted).

Rivas-Granados has not alleged actual innocence; thus, the Court reviews the other exceptions to determine if his claims can survive procedural default. "Under the first exception [to the procedural default rule], a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." Lynn, 365 F.3d at 1234 (emphasis in original). A petitioner must show that "some objective factor external to the defense prevented [petitioner] or his counsel from raising his claim on direct appeal and that this factor cannot be fairly attributable to [petitioner's] own

6

conduct. Pruitt, 2014 WL 2993807 at *3 (citing Lynn, 365 F.3d at 1235). To establish that the cause of the procedural bar actually caused prejudice, the petitioner must not only show that the error created the possibility of prejudice, but that it worked to his actual and substantial disadvantage. Pruitt, 2014 WL 2993807 at *3 (citing Frady, 456 U.S. at 170).

Rivas-Granados has not met his burden of showing cause and prejudice in the instant case. In his initial petition, he offers no reason why these issues were not raised in his direct appeal. (Doc. 573). However, in his reply, he asserts that "[p]etitioner had no knowledge or control regarding said issues". (Doc. 579 at 2). He further claims that his appellate attorney was also his trial attorney, and he "should not have to suffer for what was not in his control or potentially biased". (Id.).[4] He elaborates on this argument in his supplement, wherein he argues that his counsel was ineffective for failing to challenge the imposition of a two-level firearm enhancement and a three-level leadership enhancement on appeal. (Doc. 609). Rivas-Granados indicates that the two above-referenced issues would have been more successful on appeal than the argument that was raised; thus, his counsel was ineffective for not raising those issues on direct appeal. (Id.).

---

[4] Rivas-Granados also appears to argue that Frady is not applicable to the case at issue, because the claims in this petition were not brought on direct appeal. (Doc. 579 at 2). This does not save his claims from being precluded, as discussed at length in this order.

7

"Constitutionally ineffective assistance of counsel can constitute cause" that excuses a procedural default like the one found in this case. United States v. Chestang, 2014 WL 232254 at *3 (S.D. Ala. Jan. 22, 2014)(Steele, J.)(citing Brown v. United States, 720 F.3d 1316, 1333 (11th Cir. 2013))(citation omitted). In order to do so, the claim of ineffective assistance of counsel must have merit. Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989). Determining whether counsel's performance at trial fell below the standard guaranteed by the Sixth Amendment requires an analysis under the two-part test found in Strickland v. Washington, 466 U.S. 668, 688-94 (1984). Chestang, 2014 WL 232254 at *3 (citing Darden v. United States, 708 F.3d 1224, 1228 (11th Cir. 2013)). To prove such a claim, the Petitioner must show (1) that counsel's performance failed to meet "an objective standard of reasonableness" and (2) that the petitioner's rights were prejudiced as a result of this substandard performance. Strickland, 466 U.S. at 688-94. It must be noted that an appellate attorney is not required under the Constitution or the Strickland standard to raise every non-frivolous issue on appeal. Railey v. United States, 2015 U.S. Dist. LEXIS 178539 at *82 (S.D. Ala. Dec. 16, 2015)(citations omitted). Appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit." Id. (citations omitted).

Rivas-Granados has not proven either prong of the Strickland analysis in the instant case. As an initial matter, the Court notes that Rivas-Granados does not contend that he ever asked his counsel to raise the instant issues on appeal and counsel refused to do so. Instead, he merely argues that the arguments raised in the instant petition would have been more successful than the argument that was raised on appeal. (Doc. 609). This claim is not enough to establish a meritorious claim that would defeat the procedural bar.

As noted in Strickland, judicial scrutiny of counsel's performance must be highly deferential. Strickland, 466 U.S. at 689. As the Court in Strickland noted:

> "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client the same way."

Id. Rivas-Granados has not met the exacting burden of proving that counsel's decision to pursue a different argument than the ones presented here was unreasonable.

Indeed, the record reflects that counsel was not only aware

of the arguments that Rivas-Granados raises in the instant petition, but actually raised them during the sentencing hearing. (Doc. 466 at 8-9, 9-11). As the sentencing transcript reflects, the district court heard argument, and determined that there was sufficient evidence to support the two-point firearm enhancement as it was reasonably foreseeable that a firearm would be present when such a great quantity of cocaine was being dealt by Rivas-Granados and his co-defendants. (Id. at 8-9). The district court also heard argument regarding the three-point leadership enhancement. (Id. at 9-11). The district court concluded that the testimony of two of the codefendants about their interactions with Rivas-Granados was sufficient to satisfy the preponderance of the evidence standard required to apply the enhancement. (Id.; see also Docs. 462 at 171-88; 465 at 34-67).

It is clear from the record that both enhancements were carefully considered, and there was evidence to support the use of both at sentencing. Moreover, assuming *arguendo* that there was merit to Rivas-Granados' enhancement claims, counsel is not required to raise every non-frivolous issue on appeal. Railey, 2015 U.S. Dist. LEXIS 178539 at *82. Choosing not to raise these issues on appeal was a choice made by trial counsel, based upon their knowledge of the case and their perception of the probability of success on appeal. It is not for the court, in retrospect, to second-guess a clearly reasonable trial strategy.

Strickland, 466 U.S. at 689.

As the court has found Rivas-Granados' claim of ineffective assistance of counsel to be without merit, it cannot be used to overcome a procedural default. See Greene, 880 F.2d at 1305. And, he has not attempted to argue that the second exception to the procedural default rule – a miscarriage of justice or actual innocence – applies in the instant case; thus, he has not met either of the two narrow exceptions to the procedural default rule. Accordingly, the undersigned recommends that this case be dismissed as precluded, as Rivas-Granados could have raised his claims on direct appeal.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1064, 146 L.Ed.2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot v. Estelle, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983)), includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.")(internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L.Ed.2d 931 (2003).

Rivas-Granados' petition does not warrant the issuance of a Certificate of Appealability. Reasonable jurists could not debate whether Rivas-Granados' claims should be resolved in a different manner or that Petitioner deserves to proceed further. The recommendation that Rivas-Granados' claim be denied is based on the straightforward application of clear Circuit precedent, and no reasonable jurist could differ on the appropriate disposition of his claim on the record presented. As a result, Rivas-Granados is not entitled to a certificate of appealability, and consequently, he should not be permitted to proceed *in forma pauperis* on appeal.

## IV. CONCLUSION

For the foregoing reasons, it is recommended that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (doc. 573) be **DENIED**, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Hubert Rivas-Granados. The undersigned Magistrate Judge further opines that Rivas-Granados is not entitled to issuance of a Certificate of Appealability.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interest of justice." *11th Cir. R. 3-1*. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for that objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **30th** day of **August, 2017.**

                                          **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**