# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**HUBERT RIVAS-GRANADOS,**          *
                                    *
    **Petitioner,**               *  **CRIMINAL NO. 11-00152-CG-B-2**
                                    *  **CIVIL ACTION NO. 15-0474-CG-B**
**vs.**                             *
                                    *
**UNITED STATES OF AMERICA,**       *
                                    *
    **Respondent.**               *

## <u>ORDER</u>

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court, with these additional comments:

In his objection to the Report and Recommendation, petitioner advances a new argument that his counsel was per se ineffective because petitioner speaks only Spanish and his counsel spoke only English. He cited a portion of an in-chambers pretrial conference where the Court inquired of counsel whether or not his client spoke any English, and counsel confirmed that he could not communicate with the defendant. (Doc. 464, pp. 8-9). What was left unsaid was that he could not communicate *in English* (emphasis supplied.) The record clearly shows that defense counsel had the assistance of a personal interpreter, separate from the Court interpreters at jury selection, trial and sentencing, to assist in

communicating with his client.  Defense counsel requested and was granted permission to hire an interpreter to communicate with the defendant (Docs. 392 and 405).  The personal interpreter was present during jury selection (Doc. 461, p.1) and both days of trial (Doc. 464, p.1, Doc. 465, p.1).  And the personal interpreter's bill, submitted to the Court by defense counsel for payment,( attached to this Order as Exhibit A), shows that the interpreter made 10 visits with defense counsel to the jail, and that she was also present for all court hearings in the case.  The Court therefore finds that petitioner's assertions concerning ineffectiveness due to inability to communicate are purely specious.

Therefore, it is **ORDERED** that Rivas-Granados' Motion To Vacate, Set Aside, Or Correct Sentence under § 2255 (Doc. 573) be **DENIED**, and that Rivas-Granados is not entitled to the issuance of a certificate of appealability or to proceed *in forma pauperis* on appeal.

**DONE** and **ORDERED** this 1st day of November, **2017**.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE